Phillip JEAN–LAURENT, Plaintiff,

v.

C.O. Gord[o]n WILKINSON # 11281, et al., Defendants.

No. 05 CIV 0583 VM DFE.

United States District Court, S.D. New York.

Aug. 20, 2007.

Phillip Jean–Laurent, Elmira Correctional Facility, Elmira, NY, pro se.

*MEMORANDUM AND ORDER*

EATON, United States Magistrate Judge.

I hereby deny plaintiff's July 16, 2007 motion to compel the defendants to answer further interrogatories and document requests. Moreover, in view of plaintiff's continuing delays in providing elementary discovery to defense counsel, it is highly unlikely that I will grant any future motions from him seeking to compel discovery.

ACC Sarah Evans's letter to me dated August 16, 2007, states as follows. She took the second deposition of plaintiff on August 15. At that time, he revealed four additional medical facilities that had provided medical treatment to him within ten years of the injuries alleged in the Complaint. ACC Evans provided him with medical releases for him to complete. **I hereby direct plaintiff as follows: (1) fill in, to the best of your knowledge, the names and complete addresses of those additional medical facilities (which seem to include (a) Jamaica Hospital, (b) Richmond County Jail's Medical Department, (c) a hospital in Richmond County, and (d) a hospital in High Point, North Carolina); (2) sign each medical release in front of a notary; and (3) mail the releases to ACC Evans no later than August 27, 2007.**

ACC Evans's letter further states as follows. On August 15, plaintiff revealed for the first time the identities of approximately four more non-party witnesses, and revealed that three of them had provided him with written statements or affidavits concerning the incidents alleged in the Complaint. He refused to produce the affidavits of those three, on the grounds that these materials are "trial preparation." **I hereby direct plaintiff to mail to ACC Evans, no later than August 27, 2007, a legible copy of each such statement or affidavit.** Any failure to comply will result in sanctions, including but not limited to an order precluding plaintiff from mentioning, in opposition to any summary judgment motion, the substance of any statement made by an alleged non-party witness whose statement(s) and/or affidavit(s) were not provided to ACC Evans by August 27, 2007.

I hereby extend my August 30, 2007 deadline for fact discovery until September 28, 2007, but solely for the purpose of enabling defense counsel to take discovery from the non-party witnesses who are alleged by plaintiff to support his allegations. I have signed orders enabling ACC Evans to take the depositions of inmates Robert Jamison, Mitchell Overton, and Davon Samuels on September 6, and the deposition of inmate Luis Roman on September 18, 2007 (copies enclosed). **I hereby give plaintiff until August 31, 2007 to serve ACC Evans with questions that he wishes ACC Evans to ask of any or all of his non-party witnesses; I limit plaintiff to 30 questions as to any particular witness.** If plaintiff does not submit

timely questions for any particular witness, then plaintiff will be precluded from putting any questions to that witness unless this case goes to trial and that witness is permitted to testify at trial.